IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOSEPH BRADSHAW**, | Case No. 2:23-cv-750-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **MARTIN O'MALLEY**, Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On July 12, 2024, *Defendant* filed a stipulated application for attorney's fees on behalf of Plaintiff under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Judgment in this case was entered on April 16, 2024.

EAJA establishes specific requirements for fee applications. These include that applications be submitted within 30 days of final judgment, that they include a showing of financial eligibility of the applicant, that they include an itemization of attorney time expended and the requested hourly rate, and that they include an "allegation" that the government's position was not substantially justified. 28 U.S.C. § 2412(d); *see also Scarborough v. Principi*, 541 U.S. 401, 408 (2004) ("Section 2412(d)(1)(A) thus entitles a prevailing party to

PAGE 1 – ORDER

fees absent a showing by the Government that its position in the underlying litigation 'was substantially justified,' while § 2412(d)(1)(B) sets a deadline of 30 days after final judgment for the filing of a fee application and *directs that the application shall include*: (1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award (in Scarborough's case, that the applicant's 'net worth did not exceed $2,000,000 at the time the civil action was filed,' § 2412(d)(2)(B)); and (3) a statement of the amount sought together with an itemized account of time expended and rates charged. The second sentence of § 2412(d)(1)(B) adds a fourth instruction, requiring the applicant simply to 'allege' that the position of the United States was not substantially justified." (emphasis added)).

Judgment in social security cases is considered final for purposes of EAJA when the 60-day time for appeal has expired. *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607, 612 (9th Cir. 2007). The EAJA fee application for Plaintiff is due 30 days after final judgment and, therefore, is timely. The application filed by Defendant, however, does not contain an allegation that the government's position was not substantially justified, a showing that Plaintiff was financially eligible (such as a reference to Plaintiff's *in forma pauperis* application or a declaration by Plaintiff or Plaintiff's counsel attesting to Plaintiff's financial eligibility), or the required itemized attorney time and hourly rate. As discussed by the Supreme Court, these are required under EAJA but can be cured with an amended petition. *Scarborough*, 541 U.S. at 418-19.

Although Plaintiff is proceeding *in forma pauperis* and submitted an application at the start of the litigation showing a net worth of less than $2 million (supporting an inference that Plaintiff is financially eligible) and the government not only stipulates to Plaintiff's EAJA fee application but prepared and filed it (supporting an inference that the government's position was

not substantially justified), the Court will not infer matters that are mandated under statute to be expressly included in the fee petition. *See* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses *shall* . . . submit to the court an application for fees and other expenses *which shows* that the party . . . is [financially] eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed. The party *shall* also allege that the position of the United States was not substantially justified." (emphasis added)).

The Court DENIES the stipulated application for EAJA fees for Plaintiff (ECF 19), without prejudice and with leave to file an amended application that cures the deficiencies identified in this Order.

**IT IS SO ORDERED.**

DATED this 24th day of July, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

not substantially justified), the Court will not infer matters that are mandated under statute to be expressly included in the fee petition. *See* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses *shall* . . . submit to the court an application for fees and other expenses *which shows* that the party . . . is [financially] eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed. The party *shall* also allege that the position of the United States was not substantially justified." (emphasis added)).

The Court DENIES the stipulated application for EAJA fees for Plaintiff (ECF 19), without prejudice and with leave to file an amended application that cures the deficiencies identified in this Order.

**IT IS SO ORDERED.**

DATED this 24th day of July, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge